IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                    : CASE No. 1:15-bk-04869-MDF
      EDGE PENNSYLVANIA, LLC   :
      d/b/a Edge Rubber             :        CHAPTER 11
      f/k/a Blackacre Properties, LLC   :
                     Debtor      :

### DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR TO UTILIZE CASH COLLATERAL

The Motion of Edge Pennsylvania, LLC ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1.      On November 12, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2.      The Debtor is a Pennsylvania limited liability company engaged primarily in the collection, transportation and processing of tire derived non-hazardous waste.

3.      The Debtor is obligation to Branch Banking & Trust Company (formerly Susquehanna Bank) ("BB&T") on the following loans:

      a.      A term loan in the approximate amount of $3,800,000.00 which is believed to be secured upon equipment and real estate (the "BB&T Equipment Loan")

      b.      A line of credit loan in the approximate amount of $1,250,000.00, which is believed to be secured on the accounts receivable, inventory and cash (the "BB&T AR Loan").

      c.      A term loan in the approximately amount of $127,000.00 which is believed to be secured on the Debtor's equipment (the "BB&T Term Loan 2").

      d.      A loan for a letter of credit in the amount of approximately $35,000.00, secured by a bank account

4.     The Debtor has a loan from the Commonwealth of Pennsylvania, Department of Community Development, MELF ("PA") in the approximate amount of $2,500,000.00 which is believed to be secured on the Debtor's equipment.

5.     The Debtor has debt owed to Farmers and Merchants Trust Company of Chambersburg ("F&M") in the approximate amount of $800,000.00, which is believed to be secured on real estate.

6.     The Debtor has assets as follows:

     a.     Accounts receivable of approximately $1,090,000.00;

     b.     Raw material and finished inventory of approximately $240,000.00;

     c.     Equipment having an approximate book value of $1,300,000.00;

     d.     Vehicles and trailers having a value of approximately $830,000.00; and

     e.     Minimal cash on hand.

7.     The Debtor's cash, accounts receivable and inventory ("Cash Collateral") are Cash Collateral as set forth in Section 363 of the Bankruptcy Code.

8.     The Debtor believes that BB&T has lien on the Cash Collateral at a minimum securing at least the loan which is secured on the accounts receivable and inventory of the Debtor as set forth above.  The BB&T loans may all be collateralized on the Debtor's Cash Collateral.

**THE NEED FOR CASH**

9.     The Debtor has approximately fifty-one (51) employees. The Debtor is currently operating and needs to retain such employees to continue operations.

10.     The Debtor has additional cash needs for the payment of utilities, payroll, insurance, purchase of inventory, materials and supplies, payment of various equipment leases and for other operating expenses.  Attached hereto as Exhibit "A" and made a part

2

hereof is an eight (8) week cash flow budget and projections for the Debtor. Also attached hereto as Exhibit "B" is the 2016 budget. The Debtor has instituted various overhead cuts and has made operational changes so that, as set forth on Exhibits "A" and "B", it is believed that the Debtor will be profitable.

11.    The Debtor believes it will be able to pay ongoing interest to BB&T going forward in the case.

12.    In addition to the items set forth on the budget, the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals and for Quarterly Fees owed to the Office of the U.S. Trustee.

13.    As set forth above, the Debtor believes it can operate on a profitable basis.

14.    The Debtor believes that it will be able to effectively reorganize.

15.    Unless the Debtor is allowed to pay its expenses and continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors. It is believed that a reorganization would prove to be better for the Debtor's estate and creditors than a liquidation.

16.    In order to provide adequate protection to BB&T, the Debtor proposes to provide BB&T with a replacement lien in post-Petition Cash Collateral, and to the extent that sufficient value exists pre-Petition to cause BB&T to be secured in pre-Petition Cash Collateral. The replacement lien shall only be effective to the extent there is a diminution in the Cash Collateral post-Petition. To the extent that such replacement lien is insufficient and BB&T has a shortfall and as to any diminution resulting from the Debtor's use of Cash Collateral, and to the extent BB&T is secured in Cash Collateral, BB&T shall be granted an administrative claim superior in priority to all other administrative claims except for claims

3

of professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement lien shall be effective without further recordation.

17.    The Debtor also proposes to pay BB&T interest on its various loans which are secured on Cash Collateral and, to the extent necessary, on all loans of BB&T.

**WHEREFORE**, Edge Pennsylvania, LLC, the above named Debtor, respectfully requests that this Honorable Court enter an Order:

a.    Allowing the Debtor to utilize its cash, receivables, inventory, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

b.    Conditioning the Debtor's use of Cash Collateral upon the granting of a replacement lien to BB&T, with such replacement lien to be in post-Petition inventory, receivables and cash to the extent there is any diminution in value of BB&T's collateral position as it may exist pre-Petition, together with an administrative claim to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claim, having priority over all administrative claims except those of fees owed to professionals in the case and to the Office of the U.S. Trustee.

c.    Allow the Debtor to pay interest on its loans as owed to BB&T which are secured on Cash Collateral.

d.    Granting the Debtor such other and further relief as is just and proper.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By:_____/s/  Robert E. Chernicoff_____
Robert E. Chernicoff, Esquire
Attorney I.D. No. 23380
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570

Date:  November 16, 2015

F:\Home\SJO\DOCS\EDGE RUBBER\Pleadings\Edge Pennsylvania\Cash Collateral\Motion.wpd